(Court of Appeal, Parish of Orleans.)

## JAMES D. L. MULLEN vs. MRS. WIDOW A. KERLEC.

Appeal from Civil District Court, Division "C."

Emile Pomes, for Plaintiff and Appellee.

R. J. Maloney, for Defendant and Appellant.

1. A denial that the rent was due and a plea that such rent was withheld by the lessees to make repairs are inconsistent defences, and a ruling requiring defendant to elect between them is correct.

2. If, after being notified, a lessor refuse or neglect to make the necessary repairs, the lessee may himself cause them to be made and deduct the price from the rent due.

3. The Code clearly means that the lessee must *first* make the repairs, and deduct the price from the rent *subsequently* becoming due, after notice to the lessor.

4. The lessee, not having made the repairs, violated her agreement by refusing to pay the rent due February 1st, and the judgment ordering her to vacate is well founded.

DUFOUR, J. A lessor sued to evict his lessee for failure to pay the rent, and the latter answered, first, that the rent was not due; and next, that she retained it to make certain repairs. At the trial the judge properly ordered the lessee to elect between those two inconsistent defences, and she stood upon the latter.

Art. 2694, R. C. C., reads as follows:

"If the lessor do not make the necessary repairs in the manner required in the preceding article, the lessee may call on him to make them. If he refuse or neglect to make them, the lessee may himself cause them to be made, and deduct the price from the rent due, on proving that the repairs were indispensable, and that the price which he has paid was just and reasonable."

340

It appears that the lessee neither paid the rent nor made the repairs; she. is therefore without valid defence; and without right to demand any damages.

The Code clearly means that the lessee must first make the repairs, and then deduct the price from the rent subsequently becoming due, after notice to the lessor.

The lessee violated her agreement by refusing to pay the rent due on February 1st, and the judgment ordering her to vacate is well founded.

Judgment affirmed.

May 15th, 1905.

Rehearing refused, June 26th, 1905.

Writ granted by Supreme Court, August 2nd, 1905.